[Cite as *State v. Powers*, 2018-Ohio-525.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                    Court of Appeals No. F-17-010

    Appellee                                 Trial Court No. 16CR145

v.

James A. Powers                            **DECISION AND JUDGMENT**

    Appellant                                Decided:  February 9, 2018

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Fulton County Court of Common Pleas, convicting appellant, James Powers, of six counts of burglary, and sentencing him to a total prison term of eight years.  For the reasons that follow, we reverse.

**I.  Facts and Procedural Background**

{¶ 2} On November 22, 2016, the Fulton County Grand Jury indicted appellant on eight counts of burglary in violation of R.C. 2911.12(A)(3), felonies of the third degree.

On February 2, 2017, appellant withdrew his initial plea of not guilty, and entered a plea of guilty to Counts 1, 2, 3, 6, 7, and 8. In exchange, the state agreed to dismiss Counts 4 and 5, agreed to recommend that the sentences for Counts 1, 2, and 3 be ordered to be served concurrently with each other, and agreed to recommend that the entire sentence be ordered to be served concurrently with pending felony cases in Williams County, Ohio.

{¶ 3} The trial court accepted appellant's guilty plea, and continued the matter for preparation of a presentence investigation report. On April 20, 2017, the trial court held the sentencing hearing, at which it ordered appellant to serve two years in prison each on Counts 1, 2, and 3, with those sentences to be served concurrently with each other. The court also ordered appellant to serve three years in prison each on Counts 6 and 7, and two years in prison on Count 8, with those sentences to be served consecutively, but concurrently with the sentences from Counts 1, 2, and 3, for a total prison term of eight years. Further, the trial court ordered the eight-year prison term to be served concurrently with a four-year prison term from Williams County. Finally, the trial court ordered appellant to pay a total of $1,314.44 in restitution to three different victims.

{¶ 4} Relevant here, while imposing consecutive sentences at the hearing, the trial court stated, "Counts 6, 7, and 8 shall be served consecutively and assigned – I believe that consecutive terms are needed to protect the public and consecutive terms are not disproportionate to the conduct and to the danger the Defendant poses." In its sentencing entry, the trial court stated,

> The Court further finds that consecutive service is necessary to
> protect the public from future crime or to punish Defendant and that

2.

consecutive sentences are not disproportionate to the seriousness of Defendant's conduct and to the danger Defendant poses to the public. The Court further finds that the harm caused by Defendant was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Defendant's conduct, and Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Defendant.

## II. Assignment of Error

{¶ 5} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

I. The trial court erred in imposing consecutive sentence without making statutorily required findings. Also, even if such findings were made, the findings are not supported by the record.

## III. Analysis

{¶ 6} We review felony sentences under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under * * * division * * * (C)(4) of section 2929.14 * * *;

3.

(b) That the sentence is otherwise contrary to law.

Here, we find that the sentence is otherwise contrary to law.

{¶ 7} R.C. 2929.14(C)(4) governs the imposition of consecutive sentences. It provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

4.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 9} In the first part of his argument, appellant contends that, at the sentencing hearing, the trial court did not make the required finding that any of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applied. Indeed, when discussing consecutive sentences, the trial court only found that consecutive terms were needed to protect the public, and were not disproportionate to the seriousness of appellant's conduct or the danger that appellant poses to the public. The court did not expressly find that any of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applied.

{¶ 10} The state, on the other hand, argues that the trial court did make the required findings at other points in the sentencing hearing. The state contends that the

5.

trial court found that R.C. 2929.14(C)(4)(c) applied when it stated as part of its discussion of the recidivism factors in R.C. 2929.12(D) that "The offender has previously been convicted of an offense and has a history of criminal convictions. The offender clearly has not been rehabilitated, although those opportunities have occurred." Alternatively, the state argues that the trial court found that R.C. 2929.14(C)(4)(b) applied when it stated during its discussion of whether appellant's conduct was more serious under R.C. 2929.12(B) that "the victim of the offense did suffer some relatively serious economic harm as a result of the offense. And the offender committed this offense, apparently, as part of an organized criminal activity."

{¶ 11} We agree with appellant that the trial court did not make the required findings under R.C. 2929.14(C)(4). While the facts cited by the state might possibly support findings made by the court under R.C. 2929.14(C)(4)(b) or (c), we cannot say upon our review of the sentencing transcript that the trial court engaged in the correct analysis when it imposed consecutive sentences. The transcript reveals that the trial court simply addressed the first two requirements of R.C. 2929.14(C)(4), but gave no mention to any of the factors in R.C. 2929.14(C)(4)(a), (b), or (c). Therefore, we hold that appellant's sentence is contrary to law.

{¶ 12} In the second part of his assignment of error, appellant argues that any findings made under R.C. 2929.14(C)(4)(b) or (c) are not supported by the record. Thus, appellant requests that we modify his sentence, as permitted under R.C. 2953.08(G)(2), so that all of the prison terms run concurrently, for a total prison term of three years in this case. However, because the trial court did not make any findings under R.C.

6.

2929.14(C)(4)(b) or (c) at the sentencing hearing, we do not reach the question of whether those findings are supported by the record. Further, we decline appellant's request to modify his sentence, and instead remand the matter to the trial court for resentencing. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37 (sentence vacated and matter remanded to the trial court for resentencing).

{¶ 13} Accordingly, appellant's assignment of error is well-taken.

## IV. Conclusion

{¶ 14} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Fulton County Court of Common Pleas is reversed. Appellant's sentence is vacated, and the matter is remanded to the trial court for resentencing. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE